**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

SHEVETTE KERR,

      Plaintiff,

      v.

HEARTLAND MOTOR COACH, INC., doing
business as Heartland Trailways and BUCYRUS
LEASING & FINANCE, INC.,

      Defendants.

Case No. 26-2183-DDC-BGS

## MEMORANDUM AND ORDER

This matter comes before the Court on Plaintiff's Motion for Extension of Time to Serve Defendant Bucyrus Leasing & Finance, Inc. ("Bucyrus") with Summons and Complaint and for an Order Directing Process Be Served by Publication. *See* Doc. 4. Plaintiff asks the Court to extend the Rule 4(m) service deadline by forty-five days, through August 20, 2026. Plaintiff also asks the Court to authorize service by publication under K.S.A. 60-307(a)(4). For the reasons explained below, the motion is granted in part and denied in part.

Plaintiff filed this case on April 7, 2026. The summons issued on April 21, 2026. Plaintiff represents that Kansas Secretary of State records identify CM Financial Group, Inc. as Bucyrus's registered agent and lists a residential address in Bucyrus, Kansas, as the registered office. Plaintiff further represents that Chris Mnichowski is the registered agent for CM Financial Group, Inc. Plaintiff's process server attempted service at the registered office on April 23, April 29, May 6, May 8, May 15, May 19, May 26, June 3, and June 8, 2026. On two occasions, Mr. Mnichowski's wife answered the door, refused service, and stated that Mr. Mnichowski was not there. Plaintiff also represents that certified mail was refused and returned. Plaintiff requested an alias summons on

1

May 20, 2026, and states that Bucyrus filed a certificate of dissolution with the Kansas Secretary of State that same day.

Rule 4(m) requires service within 90 days after the complaint is filed. If service is not made within that time, the Court must either dismiss the action without prejudice against the unserved defendant or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, the Court must extend the time for service. *Id.* Here, Plaintiff filed the present motion before the Rule 4(m) deadline expired, and the motion demonstrates diligent efforts to serve Bucyrus through its registered agent and registered office. The Court therefore finds good cause to extend the service deadline. Plaintiff's deadline to serve Bucyrus is extended to August 20, 2026.

The Court denies, however, Plaintiff's request to authorize service by publication. Rule 4(h)(1)(A) permits service on a corporation in the manner prescribed by Rule 4(e)(1), which incorporates the service methods allowed by state law where the district court is located or where service is made. Plaintiff invokes K.S.A. 60-307(a)(4). That Kansas statute allows service by publication, in relevant part, "in an action against a domestic corporation that has not been legally dissolved, if the officers of the corporation have departed from this state or cannot be found." K.S.A. 60-307(a)(4). Plaintiff's own motion states that Bucyrus filed a certificate of dissolution. The present record therefore does not establish that Bucyrus is a domestic corporation "that has not been legally dissolved," as required by the statutory provision Plaintiff invokes. Nor does the motion identify Bucyrus's officers or show that those officers have departed from Kansas or cannot be found.

There is an additional problem. K.S.A. 60-307(b) limits the effect of publication service. If a defendant served by publication does not appear, "judgment may be rendered affecting the property, res or status within the jurisdiction of the court as to the defendant, but judgment may not

2

be rendered against the defendant personally." K.S.A. 60-307(b).  Plaintiff appears to seek damages from Bucyrus.  *See generally* Doc. 1.  Service by publication therefore would not appear to provide a basis for an in personam judgment against Bucyrus if it failed to appear.[1]

 **IT IS THEREFORE ORDERED** that Plaintiff's Motion for Extension of Time to Serve Defendant Bucyrus Leasing & Finance, Inc. with Summons and Complaint and for an Order Directing Process Be Served by Publication (Doc. 4) is **GRANTED IN PART and DENIED IN PART**.  The motion is granted to the extent Plaintiff seeks an extension of the service deadline. Plaintiff must serve Bucyrus Leasing & Finance, Inc. by **August 20, 2026**.  The motion is denied without prejudice to the extent Plaintiff seeks authorization to serve Bucyrus by publication.

 **IT IS SO ORDERED**.

 Dated July 8, 2026, at Wichita, Kansas.

/s/ BROOKS SEVERSON
Brooks G. Severson
United States Magistrate Judge

---

[1] This does not leave Plaintiff without potential means to accomplish service.  Kansas law separately provides that a domestic corporation irrevocably authorizes the Kansas Secretary of State to accept service when the corporation fails to maintain a resident agent on whom service may be had, or when the resident agent "cannot with reasonable diligence be found at the registered office in this state." K.S.A. 60-304(f).  The Tenth Circuit has recognized that, when a corporation's resident agent cannot with reasonable diligence be found at the registered office, service through the Kansas Secretary of State may be valid under K.S.A. 60-304(f). *See Doran Law Office v. Stonehouse Rentals, Inc., Inc.*, 678 F. App'x 733, 735 (10th Cir. 2017).  Plaintiff remains free to attempt service by any method authorized by Rule 4 and applicable Kansas law.